UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MELVIN MATSEY,**
  an individual,           Case No.:
                   Hon.

  **Plaintiff,**

v.

**CITY OF TROY,** a Municipal Corporation,
**TROY POLICE OFFICER A,** in his Individual Capacity,
**TROY POLICE OFFICER B,** in his Individual Capacity,
**TROY POLICE OFFICER C,** in his Individual Capacity,
**TROY POLICE OFFICER D,** in his Individual Capacity,
**Jointly and Severally,**

  **Defendants.**
_____/
**NADEAU LAW, PLLC**
Scott D. Nadeau (P64316)
Attorneys for Plaintiff
26339 Woodward Ave.
Huntington Woods, MI 48070
313-279-1276
scott@nadeaulawfirm.com
_____/

There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in this Complaint

## COMPLAINT

NOW COMES Plaintiff, MELVIN MATSEY, by and through his attorneys, NADEAU LAW, PLLC, and for his Complaint states as follows:

## THE PARTIES

1. Plaintiff MELVIN MATSEY (hereinafter "Plaintiff") is an individual residing in the City of Royal Oak, State of Michigan, within the Eastern District of Michigan.

2. Defendant CITY OF TROY (hereinafter "Troy") is a Municipal Corporation existing by virtue of the Constitution and Law of the State of Michigan. Troy, at all relevant times, on

information and belief, employed TROY POLICE OFFICER A, TROY POLICE OFFICER B, TROY POLICE OFFICER C, and TROY POLICE OFFICER D, the named Defendants.

3. DEFENDANT TROY POLICE OFFICER A (hereinafter "Officer A") was, at all times relevant to this Complaint, a duly appointed and acting police officer of the Troy Police Department, acting under color of law, under color of the statutes, ordinances, regulations, policies, customs and usages of Troy.

4. DEFENDANT TROY POLICE OFFICER B (hereinafter "Officer B") was, at all times relevant to this Complaint, a duly appointed and acting police officer of the Troy Police Department, acting under color of law, under color of the statutes, ordinances, regulations, policies, customs and usages of Troy.

5. DEFENDANT TROY POLICE OFFICER C (hereinafter "Officer C") was, at all times relevant to this Complaint, a duly appointed and acting police officer of the Troy Police Department, acting under color of law, under color of the statutes, ordinances, regulations, policies, customs and usages of Troy.

6. DEFENDANT TROY POLICE OFFICER D (hereinafter "Officer D") was, at all times relevant to this Complaint, a duly appointed and acting police officer of the Troy Police Department, acting under color of law, under color of the statutes, ordinances, regulations, policies, customs and usages of Troy.

## JURISDICTION AND VENUE

7. Venue is proper under 28 U.S.C. section 1391, as all of the causes of action set forth in this Complaint arose within the City of Troy and Plaintiff and Defendants all reside within the Eastern District of Michigan.

8. This action arises under the Fourth and Fourteenth Amendment to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988.

9. The Court has jurisdiction of this cause under 28 U.S.C. sections 1331 and 1343.

## GENERAL ALLEGATIONS

10. Plaintiff has a criminal history that includes incarceration in Michigan Department of Corrections (MDOC).

11. Plaintiff has successfully completed parole for all matters and has not been under the jurisdiction of the MDOC for several years.

12. That criminal history includes a false charge of Armed Robbery in about 2005 in the City of Troy wherein Plaintiff was successful in having the charge(s) dismissed for lack of probable cause at the Preliminary Examination in district court.

13. Plaintiff is a productive member of society working full time at Borg Warner in Hazel Park since March 2021.

14. Plaintiff at that time and continuing to the time of this Complaint, pays child support and exercises parenting time of two minor children.

15. On March 9, 2022, at approximately 8:30 PM, Plaintiff was driving his 2016 Chevrolet Malibu that was properly registered and insured.

16. Plaintiff has a valid license on that date and continues to have a valid license at the time of this Complaint.

17. Plaintiff was the third vehicle from the intersection traffic signal in the left turn lane on westbound Maple Road waiting for the time he could turn left onto southbound Coolidge Highway.

18. Suddenly and without warning, the vehicle directly in front of Plaintiff began to reverse, striking his vehicle.

19. At the same time, again without warning, the vehicle directly behind Plaintiff moved forward, also striking his vehicle.

20. At the same time, without warning, a third vehicle in the lane to Plaintiff's right struck the right passenger door of Plaintiff's Malibu and stopped.

21. At the same time, without warning, a fourth vehicle struck Plaintiff's vehicle from the left, oncoming traffic lane and stopped.

22. Plaintiff's vehicle was effectively immobilized, pinned between four vehicles, all in contact with his vehicle from four different sides.

23. None of the vehicles, from what Plaintiff could see, were marked as police vehicles.

24. A person, now known as Officer A, exited the vehicle behind Plaintiff, and approached Plaintiff's vehicle.

25. Officer A and/or the other officers (now known as Officer B, Officer C, and Officer D) demanded that Plaintiff exit his vehicle immediately.

26. This was not possible as Plaintiff's doors were pinned shut.

27. Plaintiff was confused since the officer(s) he saw were in unmarked vehicles and not in uniform.

28. Almost immediately, Plaintiff was forcibly grabbed by the wrists and dragged through the window of his vehicle.

29. Plaintiff was stretched horizontal to the ground almost completely out of the vehicle, but still being held by Officer A by his wrists, when he was dropped to the ground.

30. Plaintiff landed directly on ground with such force that his shoulder was broken.

31. Plaintiff also suffered neck injury and back injury as a direct and proximate result of the Officer(s) actions.

32. After Plaintiff was forcibly removed from the vehicle, he was arrested and brought to the Troy Police station.

33. Police Officers A, B, C, & D worked together to arrest Plaintiff and bring him without warrant or justifiable reason to the Troy Police station.

34. At no time at the scene was Plaintiff told he had a warrant for his arrest, that he was committing a crime in the sight of the police officers, or that he was suspected of a crime.

35. Plaintiff was detained without a warrant for his arrest for at least five (5) hours by the Troy Police.

36. Plaintiff was questioned about an alleged breaking and entering ostensibly committed in Troy some time prior to Plaintiff's warrantless arrest.

37. It became clear to Plaintiff that he was the target of the investigation even though Plaintiff told officers that he had nothing to do with the crime.

38. Plaintiff made no admissions to any criminal activity and repeatedly denied any involvement in any breaking and entering.

39. After over five (5) hours of being held without any evidence, reasonable suspicion, probable cause, or warrant, Plaintiff was released.

40. No charges were ever filed in any court concerning the alleged "breaking and entering."

41. There has been no legal basis whatsoever for the stop, arrest, or detainment of Plaintiff.

42. As a direct and proximate cause of the officers' actions as provided herein, Plaintiff has suffered injuries to his shoulder, back, and neck for which he has received treatment since the date of the false arrest.

43. As a direct and proximate cause of the officers' actions as provided herein, Plaintiff's medical providers have recommended surgery.

44. As a direct and proximate cause of the officers' actions as provided herein, Plaintiff has suffered pain and trauma that have been ongoing since the date of the false arrest.

45. As a direct and proximate cause of the officers' actions as provided herein, Plaintiff has suffered psychological trauma, including trauma, for which is receiving psychotherapy.

## COUNT I
## VIOLATION OF 42 USC 1983

46. Plaintiff hereby incorporates by reference the preceding paragraphs as if the same were set forth herein in full.

47. Upon information and belief, Defendant City of Troy and its police department authorized and tolerate, as an institutional practice, the excessive use of force by officers in the Troy Police Department by:

   a. Failing to properly train, supervise and/or discipline employees, including the Defendants, known or should be known, to be irresponsible in their dealing with citizens of the community;

   b. Failing to take adequate precautions in the hiring, promotion and retention of police officers, including, but not limited to Defendants;

   c. Failing to establish and assure a bona fide and meaningful departmental system for investigating complaints of police misconduct/excessive force;

   d. Failing to discipline officers using excessive force and by covering up their misconduct thereby encouraging the use of excessive force by officers in the Troy Police Department;

   e. Failing to have in place written policy on authorized use/unauthorized use of excessive force when officers are responding to a welfare check of a citizen;

   f. Failing to have in place written policy on the authorized use/unauthorized use of excessive force after the welfare of a citizen is positively confirmed or not confirmed; and/or

   g. Defendant City of Troy's failure under the circumstances to properly supervise, Train, investigate, and/or discipline the above-named officers and others who engaged in conduct similar to Defendants, was objectively unreasonable and demonstrated a deliberate indifference to the application of excessive force, unlawful arrests, and malicious prosecutions against citizens in the City of Troy.

48. As a direct and proximate result of the acts and omissions of Defendant City of Troy, Plaintiff suffered severe and permanent injuries as set forth herein.

49. As provided for herein, Defendants conduct, including forcibly removing Plaintiff from his vehicle without any justifiable reason and causing injuries, amounted to abuse and excessive force that is utterly intolerable in a civilized society and amounted to Plaintiff suffering the infliction of emotional distress.

   a. Intentional wrongful acts of its employees and/or agents committed during the course of employment and within the scope of authority;

   b. Intentional, willful and wanton, reckless, deliberately indifferent, gross negligent and/or negligent acts and/or omissions which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and of the State of Michigan;

   c. All intentional and ultra vires conduct of its agents, employees and officers;

   d. All negligent and otherwise wrongful violations of ministerial duties; and

   e. Acts and omissions of its officers done pursuant to 's policies and procedures, customs and practices.

50. That Defendants, Officers A, B, C, D and others, did, during the course of their contact with Plaintiff, made unjustified, non-privileged, non-consensual and unlawful contact with Plaintiff while acting under color of law, during the course of their employment and within the scope of their authority.

51. Instead of responding appropriately to Plaintiff, Defendant Officer(s) chose to assault and batter Plaintiff, without cause and without justification.

52. The actions of Defendant Officers were intentional, unjustified, negligent, grossly negligent, willful, wanton, reckless, deliberately indifferent, malicious and oppressive without regard to human dignity or presence.

53. Defendant Officers' conduct in attacking Plaintiff as provided for herein, amounted to abuse and excessive force that is utterly intolerable in a civilized society and amounted to intentional infliction of emotional distress.

54. The assault and battery inflicted upon Plaintiff by Defendant Officer(s) and others, constituted an assault and battery which was committed without provocation, privilege or justification, and Plaintiff has suffered and continues to suffer serious injuries and damages as a result of that battery.

55. None of the other officers at the scene came to the rescue of Plaintiff nor did they attempt to restrain Defendant Officer(s).

56. Plaintiff, discussed infra, was ultimately arrested without probable cause and detained for several hours without cause and was never charged with any crime at any time.

57. Plaintiff claims damages for the injuries set forth below under 42 U.S.C. § 1983 against the Defendants for violation of his constitutional rights as they acted under the color of law.

58. As a result of the actions and inactions of all Defendants as set forth in this Complaint, Plaintiff suffers and continues to suffer damages including but not limited to:

   a. Extreme pain and Humiliation;
   b. Repeated treatment and recommended surgery for his injuries;
   c. Fright;
   d. Shock;
   e. Fear;
   f. Outrage
   g. Emotional distress;
   h. Psychological distress;
   i. Physical distress;
   j. Anguish;

      k.      Other physical, psychological and emotional damages; and

      l.      Loss of liberty.

59. By reason of their acts as set forth in this Complaint, Defendants acted under color of state law and with oppression and malice to subject Plaintiff to the deprivation of his rights, privileges and immunities secured by the Constitution and laws to wit:

      a.      Plaintiff's right not to be deprived of liberty or property without due process of law, as secured by the Fifth and Fourteenth Amendments to the Constitution of the United States of America;

      b.      Plaintiff's right not to be subjected to unreasonable search and seizures, as provided by the Fourth Amendment of the Constitution;

      c.      Plaintiff's right to be guaranteed equal protection of the laws, as provided by the Fourteenth Amendment to the Constitution of the United States of America; and

      d.      Plaintiff's right to be free from the use of excessive force.

WHEREFORE, Plaintiff respectfully requests that this Court award damages for Plaintiff and against Defendants, jointly and severally, in an amount exceeding $75,000, plus interest, costs and attorney fees. Plaintiff further requests an award for punitive and/or exemplary damages and to grant such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

## COUNT II
## ASSAULT AND BATTERY

60. Plaintiff hereby incorporates by reference the preceding paragraphs as if the same were set forth herein in full.

WHEREFORE, Plaintiff respectfully requests that this Court award damages for Plaintiff and against Defendants, jointly and severally, in an amount exceeding $75,000, plus interest, costs and attorney fees. Plaintiff further requests an award for punitive and/or exemplary damages and to grant

such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. Plaintiff hereby incorporates by reference the preceding paragraphs as if the same were set forth herein in full.

WHEREFORE, Plaintiff respectfully requests that this Court award damages for Plaintiff and against Defendants, jointly and severally, in an amount exceeding $75,000, plus interest, costs and attorney fees. Plaintiff further requests an award for punitive and/or exemplary damages and to grant such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

## COUNT IV
## GROSS NEGLIGENCE

62. Plaintiff hereby incorporates by reference the preceding paragraphs as if the same were set forth herein in full.

WHEREFORE, Plaintiff respectfully requests that this Court award damages for Plaintiff and against Defendants, jointly and severally, in an amount exceeding $75,000, plus interest, costs and attorney fees. Plaintiff further requests an award for punitive and/or exemplary damages and to grant such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

## COUNT V
## VIOLATION OF 42 USC 1983: AS TO DEFENDANT UNKNOWN OFFICERS

63. Plaintiff hereby incorporates by reference the preceding paragraphs as if the same were set forth herein in full.

WHEREFORE, Plaintiff respectfully requests that this Court award damages for Plaintiff and against Defendants, jointly and severally, in an amount exceeding $75,000, plus interest, costs and

attorney fees. Plaintiff further requests an award for punitive and/or exemplary damages and to grant such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

## COUNT VI
## VIOLATION OF THE UNITED STATES CONSTITUTIONAL REQUIREMENT FORBIDDING CRUEL AND UNUSUAL PUNISHMENT

64. Plaintiff hereby incorporates by reference the preceding paragraphs as if the same were set forth herein in full.

65. The policy, practice and custom of the City of Troy Police, with respect to excessive force is to permit such conduct.

66. Even if Troy Police believed Plaintiff committed a crime, they did not have any lawful authority to assault and batter Plaintiff for any reason whatsoever.

67. As a result of such practices and a 'code of silence' that permeates Troy Police, Plaintiff was forced to endure an assault and battery, which amounts to cruel and unusual punishment for no crime committed.

WHEREFORE, Plaintiff respectfully requests that this Court award damages for Plaintiff and against Defendants, jointly and severally, in an amount exceeding $75,000, plus interest, costs and attorney fees. Plaintiff further requests an award for punitive and/or exemplary damages and to grant such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

Respectfully Submitted,

/s/ Scott D. Nadeau
NADEAU LAW, PLLC
BY: Scott D. Nadeau (P64316)
Attorneys for Plaintiff
26339 Woodward Ave.
Huntington Woods, MI 48070
313-279-1276
scott@nadeaulawfirm.com

DATED: March 6, 2024