UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MELVIN MATSEY,
    Plaintiff,
v.

Case No. 4:24-cv-10571
HON. SHALINA D. KUMAR
MAG. JUDGE CURTIS IVY, JR.

CITY OF TROY, a Municipal Corporation,
TROY POLICE OFFICER A, in his individual capacity,
TROY POLICE OFFICER B, in his individual capacity,
TROY POLICE OFFICER C, in his individual capacity,
TROY POLICE OFFICER D, in his individual capacity,
    Defendants.
_____/

| | |
|---|---|
| Nadeau Law, PLLC<br>Scott D. Nadeau (P64316)<br>Attorney for Plaintiff<br>26339 Woodward, Ave.<br>Huntington Woods, MI 48070<br>(313) 279-1276<br>scott@nadealawfirm.com | Lori Grigg Bluhm (P46908)<br>Allan T. Motzny (P37580)<br>Troy City Attorney's Office<br>Attorneys for Defendant City of Troy<br>500 W. Big Beaver Road<br>Troy, MI  48084<br>(248) 524-3320<br>bluhmlg@troymi.gov<br>motznyat@troymi.gov |

_____/

## DEFENDANT CITY OF TROY'S, ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

## ANSWER TO COMPLAINT

Defendant City of Troy answers Plaintiff's complaint as follows:

## THE PARTIES

1. Defendant admits Plaintiff is an individual but lacks knowledge or information sufficient to form a belief as to where he resides.

2. Defendant admits the City of Troy is a municipal corporation and admits it employed officers that were part of a special investigative unit with officers from other jurisdictions that were involved in an investigation regarding Plaintiff.

3. Defendant admits it employed officers that were part of a special investigative unit with officers from other jurisdictions that were involved in an investigation regarding Plaintiff.

4. Defendant admits it employed officers that were part of a special investigative unit with officers from other jurisdictions that were involved in an investigation regarding Plaintiff.

5. Defendant admits it employed officers that were part of a special investigative unit with officers from other jurisdictions that were involved in an investigation regarding Plaintiff.

6. Defendant admits it employed officers that were part of a special investigative unit with officers from other jurisdictions that were involved in an investigation regarding Plaintiff.

## **JURISDICTION AND VENUE**

7. Admit.

8. As to paragraph 8, Defendant admits Plaintiff has alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution and makes claims under Sections 1983 and 1988 of Title 42 of the United States Code.

9. As to paragraph 9, Defendant admits this Court has jurisdiction over Plaintiff's federal claims but lacks knowledge or information sufficient to form a belief as to whether this Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

## **GENERAL ALLEGATIONS**

10. Admit.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

15. As to paragraph 15, Defendant admits at approximately 8:30pm on March 9, 2022, Plaintiff was driving a Chevrolet Malibu vehicle.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

22. As to paragraph 22, Defendant admits that Plaintiff's vehicle was immobilized after police officers performed a boxing maneuver.

23. Admit.

24. As to paragraph 24, Defendant admits an officer exited his vehicle and approached Plaintiff's vehicle.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

28. Denied.  Plaintiff was gently assisted out of his vehicle by police officers.

29. Denied.  Plaintiff was never dropped to the ground.

30. Denied. The allegation in paragraph 30 is false.

31. Denied. The allegation in paragraph 31 is false.

32. As to paragraph 32, Defendant admits Plaintiff was arrested after he was removed from his vehicle.

33. Denied.  The officers had probable cause to believe the Plaintiff just committed a felony and was fleeing from the scene in his vehicle.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

35. Defendant admits Plaintiff was detained at the scene but denies he was detained at the scene for five hours.

36. Defendant admits Plaintiff was questioned about burglaries for which he was a suspect.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

38. As to paragraph 38, Defendant admits Plaintiff denied any involvement in any recent criminal activity but did not deny his involvement in past criminal activity.

39. Denied. The officers had reasonable suspicion and probable cause to believe Plaintiff engaged in criminal activity on March 9, 2022. Defendant admits Plaintiff was released after questioning.

40. As to paragraph 40, Defendant admits no charges were filed with regard to Plaintiff's activities on March 9, 2022.

41. Denied. The officers had probable cause to believe Plaintiff committed a felony and that he was fleeing the scene of the crime in his vehicle.

42. Denied. The allegation in paragraph 42 is false.

43. As to paragraph 43, Defendant lacks knowledge or information to form a belief as to the truth of the allegation concerning the recommendation of Plaintiff's medical providers. Defendant

denies Plaintiff suffered any injuries as a result of the actions of any of the officers.

44. Denied. Any pain and trauma suffered by Plaintiff was caused by something other than the actions of any of the officers.

45. Denied. Any psychological trauma suffered by Plaintiff was caused by something other than the actions of any of the officers.

## COUNT I - VIOLATION OF 42 USC 1942

46. Defendant repeats its answers to paragraphs 1 – 45.

47. Defendant denies all the allegations set forth in paragraph 47a, b, c, d, e, f and g because they are all false.

48. Denied. The allegation in Paragraph 48 is false.

49. Defendant denies all the allegations in paragraph 49 including 49a, b, c, d and e because all the actions of all the officers were justifiable and only involved reasonable force based on the circumstances and because any injuries suffered by Plaintiff were the result of something other than the actions of any of the officers.

50. Denied. The allegation in paragraph 50 is false.

51. Denied. The allegation in paragraph 51 is false.

52. Denied. The allegation in paragraph 52 is false.

53. Denied. The allegation in paragraph 53 is false.

54. Denied. The allegation in paragraph 54 is false.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

56. Denied. The allegation in paragraph 56 is false.

57. As to paragraph 57, Defendant denies Plaintiff is entitled to any of the damages he is claiming.

58. As to paragraph 58, Defendant denies all the allegations including those set forth in paragraphs 58 a, b, c, d, e, f, g, h, i, j, k, and l because they are false.

59. Denied. Plaintiff was not denied any rights, privileges, or immunities as a result of any acts of the Defendants including those described in paragraphs 59a, b, c and d.

## COUNT II – ASSAULT AND BATTERY

60. Defendant repeats its answers to paragraphs 1 - 59.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. Defendant repeats its answers to paragraphs 1 – 61.

## COUNT IV– GROSS NEGLIGENCE

62. Defendant repeats its answers to paragraphs 1 - 62.

## COUNT V - VIOLATION OF 42 USC: AS TO DEFENDANT UNKNOWN OFFICERS

63. Defendant repeats its answers to paragraphs 1 – 62.

## COUNT VI - VIOLATION OF THE UNITED STATES CONSTITUTIONAL REQUIREMENT FORBIDDING CRUEL AND UNUSUAL PUNISHMENT

64. Defendant repeats its answers to paragraphs 1 – 63.

65. Denied. It is not the policy, practice, or custom of the City of Troy Police Department to permit excessive force.

66. As to paragraph 66, Defendant denies that any officer assaulted and/or battered Plaintiff.

67. Denied. The allegation in paragraph 67 is false.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed in its entirety against all Defendants and that Defendant be awarded costs and attorney fees.

Dated: May 1, 2024					CITY OF TROY
							CITY ATTORNEY'S OFFICE

							s/Allan T. Motzny (P37580)
							Lori Grigg Bluhm (P46908)
							Allan T. Motzny (P37580)
							Attorney for Defendant City of Troy
							500 W. Big Beaver Rd.
							Troy, MI 48084
							(248) 524-3320

motznyat@troymi.gov

## **AFFIRMATIVE DEFENSES**

The Defendant for its affirmative defenses state as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's complaint should be dismissed because the doctrine of governmental immunity precludes Plaintiff's requested recovery from Defendant.

3. Plaintiff's state law intentional tort claims against the individual Defendants are barred because none of them were grossly negligent.

4. Plaintiff's claims under 42 USC § 1983 are barred because the alleged injury was not the direct result of a custom or policy or practice of the Defendant City of Troy.

5. Plaintiff's claims are barred for lack of standing.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Plaintiff has failed to mitigate its damages.

8. Plaintiff's injuries, if any, were the result of his own comparative negligence and wrongful conduct.

9. Plaintiff's injuries, if any, are due to the acts or omissions of persons or entities other than any of the Defendants.

10. Plaintiff's claims against the individual Defendants are barred by qualified immunity.

11. Any use of force against Plaintiff was justified based on the circumstances.

12. All the Defendants actions were justified based on probable or reasonable cause.

13. This Court lacks jurisdiction over Plaintiff's state law claims.

14. Defendant reserve the right to assert all other affirmative defenses that may become known after discovery.

Dated: May 1, 2024                CITY OF TROY
                                  CITY ATTORNEY'S OFFICE

                                  s/Allan T. Motzny (P37580)
                                  Lori Grigg Bluhm (P46908)
                                  Allan T. Motzny (P 37580)
                                  Attorneys for Defendant City of Troy
                                  500 W. Big Beaver Rd.
                                  Troy, MI 48084
                                  (248) 524-3320

motznyat@troymi.gov

## **Certificate of Service**

I hereby certify that on May 1, 2024, I electronically filed Defendants Answer to Complaint and Affirmative Defenses using the ECF system which will send notification of such filing to all parties of record using the ECF system.

Dated:  May 1, 2024                    CITY OF TROY
                                                          CITY ATTORNEY'S OFFICE

                                                          s/Allan T. Motzny (P37580)
                                                          Lori Grigg Bluhm (P46908)
                                                          Allan T. Motzny (P 37580)
                                                          Attorney for Defendant City of Troy
                                                          500 W. Big Beaver Rd.
                                                          Troy, MI 48084
                                                          (248) 524-3320
                                                          motznyat@troymi.gov