UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MELVIN MATSEY,
    Plaintiff,
v.

Case No. 4:24-cv-10571
HON. SHALINA D. KUMAR
MAG. JUDGE CURTIS IVY, JR.

CITY OF TROY, a Municipal Corporation,
RUSSELL BRAGG, in his individual capacity,
JOSEPH MORGAN, in his individual capacity,
NICHOLAS HILL, in his individual capacity,
JEFFREY CLEMENCE, in his individual capacity,
    Defendants.
_____/

| | |
|---|---|
| Nadeau Law, PLLC<br>Scott D. Nadeau (P64316)<br>Attorney for Plaintiff<br>26339 Woodward, Ave.<br>Huntington Woods, MI 48070<br>(313) 279-1276<br>scott@nadeaulawfirm.com | Lori Grigg Bluhm (P46908)<br>Allan T. Motzny (P37580)<br>Troy City Attorney's Office<br>Attorneys for Troy Defendants<br>500 W. Big Beaver Road<br>Troy, MI 48084<br>(248) 524-3320<br>bluhmlg@troymi.gov<br>motznyat@troymi.gov |

_____/

## DEFENDANTS CITY OF TROY, RUSSELL BRAGG AND JOSEPH MORGAN'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

### ANSWER TO FIRST AMENDED COMPLAINT

Defendants City of Troy, Russell Bragg and Joseph Morgan answers

Plaintiff's first amended complaint as follows:

### THE PARTIES

1. Defendants admit Plaintiff is an individual but lacks knowledge or information sufficient to form a belief as to where he resides.

2. Defendants admit the City of Troy is a municipal corporation and it employed Russell Bragg and Joseph Morgan. Defendants deny the City of Troy employed Nicholas Hill and Jeffrey Clemence as they were employed by other municipalities.

3. Admit.

4. Admit.

5. Defendants deny the City of Troy employed Nicholas Hill because he was employed by another municipality.

6. Defendants deny the City of Troy employed Jeffrey Clemence because he was employed by another municipality.

## **JURISDICTION AND VENUE**

7. Admit.

8. As to paragraph 8, Defendants admit Plaintiff has alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution and makes claims under Sections 1983 and 1988 of Title 42 of the United States Code.

9. As to paragraph 9, Defendants admit this Court has jurisdiction over Plaintiff's federal claims but lacks knowledge or information

sufficient to form a belief as to whether this Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

## **GENERAL ALLEGATIONS**

10. Admit.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

15. As to paragraph 15, Defendants admit at approximately 8:30pm on March 9, 2022, Plaintiff was driving a Chevrolet Malibu vehicle. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

22. As to paragraph 22, Defendants admit that Plaintiff's vehicle was immobilized after police officers performed a boxing maneuver.

23. Admit.

24. As to paragraph 24, Defendants admit an officer exited his vehicle and approached Plaintiff's vehicle, but deny Russell Bragg was the first officer to approach the vehicle.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

27. Defendanst lack knowledge or information sufficient to form a belief as to the truth of the allegation.

28. Denied.  Plaintiff was gently assisted out of his vehicle by police officers.

29. Denied.  Plaintiff was never dropped to the ground.

30. Denied. The allegation in paragraph 30 is false.

31. Denied. The allegation in paragraph 31 is false.

32. As to paragraph 32, Defendants admit Plaintiff was arrested after he was removed from his vehicle.

33. Denied.  The officers had probable cause to believe the Plaintiff just committed a felony and was fleeing from the scene in his vehicle.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

35. Defendants admit Plaintiff was detained at the scene but denies he was detained at the scene for five hours.

36. Defendants admit Plaintiff was questioned about burglaries for which he was a suspect.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

38. As to paragraph 38, Defendants admit Plaintiff denied any involvement in any recent criminal activity but did not deny his involvement in past criminal activity.

39. Denied. The officers had reasonable suspicion and probable cause to believe Plaintiff engaged in criminal activity on March 9, 2022. Defendants admit Plaintiff was released after questioning.

40. As to paragraph 40, Defendants admit no charges were filed with regard to Plaintiff's activities on March 9, 2022.

41. Denied. The officers had probable cause to believe Plaintiff committed a felony and that he was fleeing the scene of the crime in his vehicle.

42. Denied. The allegation in paragraph 42 is false.

43. As to paragraph 43, Defendants lack knowledge or information to form a belief as to the truth of the allegation concerning the recommendation of Plaintiff's medical providers. Defendants deny Plaintiff suffered any injuries as a result of the actions of any of the officers.

44. Denied. Any pain and trauma suffered by Plaintiff was caused by something other than the actions of any of the officers.

45. Denied. Any psychological trauma suffered by Plaintiff was caused by something other than the actions of any of the officers.

## **COUNT I - VIOLATION OF 42 USC 1942**

46. Defendants repeat their answers to paragraphs 1 – 45.

47. Defendant denies all the allegations set forth in paragraph 47a, b, c, d, e, f, g and h because they are all false.

48. Denied. The allegation in Paragraph 48 is false.

49. Defendants deny all the allegations in paragraph 49 including 49a, b, c, d and e because all the actions of all the officers were justifiable and only involved reasonable force based on the circumstances and because any injuries suffered by Plaintiff were the result of something other than the actions of any of the officers.

50. Denied. The allegation in paragraph 50 is false.

51. Denied. The allegation in paragraph 51 is false.

52. Denied. The allegation in paragraph 52 is false.

53. Denied. The allegation in paragraph 53 is false.

54. Denied. The allegation in paragraph 54 is false.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

56. Denied. The allegation in paragraph 56 is false.

57. As to paragraph 57, Defendants deny Plaintiff is entitled to any of the damages he is claiming.

58. As to paragraph 58, Defendants deny all the allegations including those set forth in paragraphs 58 a, b, c, d, e, f, g, h, i, j, k, and l because they are false.

59. Denied. Plaintiff was not denied any rights, privileges, or immunities as a result of any acts of the Defendants including those described in paragraphs 59a, b, c and d.

## COUNT II – ASSAULT AND BATTERY

60. Defendants repeat their answers to paragraphs 1 - 59.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. Defendants repeat their answers to paragraphs 1 – 61.

## COUNT IV– GROSS NEGLIGENCE

62. Defendants repeat their answers to paragraphs 1 - 62.

## COUNT V - VIOLATION OF 42 USC: AS TO DEFENDANT UNKNOWN OFFICERS

63. Defendant repeats its answers to paragraphs 1 – 62.

## COUNT VI - VIOLATION OF THE UNITED STATES CONSTITUTIONAL REQUIREMENT FORBIDDING CRUEL AND UNUSUAL PUNISHMENT

64. Defendants repeat their answers to paragraphs 1 – 63.

65. Denied. It is not the policy, practice, or custom of the City of Troy Police Department to permit excessive force.

66. As to paragraph 66, Defendants deny that any officer assaulted and/or battered Plaintiff.

67. Denied. The allegation in paragraph 67 is false.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed in its entirety against all Defendants and that Defendants be awarded costs and attorney fees.

Dated: August 29, 2024

CITY OF TROY
CITY ATTORNEY'S OFFICE

s/Allan T. Motzny (P37580)
Lori Grigg Bluhm (P46908)
Allan T. Motzny (P37580)
Attorney for Troy Defendants
500 W. Big Beaver Rd.
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov

## **AFFIRMATIVE DEFENSES**

The Defendants for their affirmative defenses state as

follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's complaint should be dismissed because the doctrine of governmental immunity precludes Plaintiff's requested recovery from Defendants.

3. Plaintiff's state law intentional tort claims against the individual Defendants are barred because none of them were grossly negligent.

4. Plaintiff's claims under 42 USC § 1983 are barred because the alleged injury was not the direct result of a custom or policy or practice of the Defendant City of Troy.

5. Plaintiff's claims are barred for lack of standing.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Plaintiff has failed to mitigate its damages.

8. Plaintiff's injuries, if any, were the result of his own comparative negligence and wrongful conduct.

9. Plaintiff's injuries, if any, are due to the acts or omissions of persons or entities other than any of the Defendants.

10. Plaintiff's claims against the individual Defendants are barred by qualified immunity.

11. Any use of force against Plaintiff was justified based on the circumstances.

12. All the Defendants actions were justified based on probable or reasonable cause.

13. This Court lacks jurisdiction over Plaintiff's state law claims.

14. Defendants reserve the right to assert all other affirmative defenses that may become known after discovery.

Dated:  August 29, 2024   CITY OF TROY
CITY ATTORNEY'S OFFICE

s/Allan T. Motzny (P37580)
Lori Grigg Bluhm (P46908)
Allan T. Motzny (P 37580)
Attorneys for Troy Defendants
500 W. Big Beaver Rd.
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov

## Certificate of Service

I hereby certify that on August 29, 2024, I electronically filed Defendants Answer to Complaint and Affirmative Defenses using the ECF

system which will send notification of such filing to all parties of record using the ECF system.

Dated:  August 29, 2024                    CITY OF TROY
                                           CITY ATTORNEY'S OFFICE

                                           s/Allan T. Motzny (P37580)
                                           Lori Grigg Bluhm (P46908)
                                           Allan T. Motzny (P 37580)
                                           Attorneys for Troy Defendants
                                           500 W. Big Beaver Rd.
                                           Troy, MI 48084
                                           (248) 524-3320
                                           motznyat@troymi.gov