UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELVIN MATSEY,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF TROY et al.,<br><br>                Defendants. | Case No. 24-10571<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HILL'S MOTION TO DISMISS (ECF NO. 27)**

Defendant Nicholas Hill ("Hill") moves to dismiss plaintiff Melvin Matsey's ("Matsey") complaint against him. ECF No. 27. Matsey filed no response to Hill's motion. For the reasons that follow, the Court grants in part and denies in part the motion.

## I.   Background

Matsey sues the City of Troy ("the City") and officers Russell Bragg, Joseph Morgan, Jeffrey Clemence, and Hill (together "the Officers"), in their individual capacities, alleging violations of his civil rights arising out of and in connection with his arrest in March of 2022. In his complaint[1], Matsey

---

[1] Matsey filed the original complaint on March 6, 2024. ECF No. 1. On August 20, 2024, Matsey filed a First Amended Complaint (the "FAC"). ECF No. 11. The FAC is the operative complaint.

alleges he was driving his vehicle and stopped at an intersection when he was struck on all sides by unmarked police vehicles, effectively immobilizing him. ECF No. 11. The Officers, who were allegedly out of uniform, demanded Matsey exit his vehicle. *Id.* Unable to open his door because it was pinned by the surrounding vehicles, Matsey was grabbed by the wrists and dragged through the window. *Id.* He landed on the ground, breaking his shoulder, and suffered injuries to his neck and back. *Id.* Without explanation, Matsey was placed under arrest and taken to the Troy Police Station. *Id.* At the station, Matsey was questioned about a breaking and entering that occurred earlier, to which he denied any involvement in. *Id.* He was released several hours later, and no charges were ever filed against him. *Id.*

Matsey brings claims under 42 U.S.C. § 1983 and for violations of his Eighth Amendment right to be free from cruel and unusual punishment, as well as state claims for assault and battery, intentional infliction of emotional distress, and gross negligence. *See id.* Hill moves to dismiss Matsey's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Matsey's claims against him are barred by the statute of limitations. ECF No. 27.

II.     **Standard of Review**

On a motion to dismiss, the Court "must accept as true 'well pleaded facts' set forth in the complaint." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Generally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 575 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"The statute of limitations is an affirmative defense, and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citations omitted). "For this reason, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Id*. Nevertheless, "dismissal is warranted if the allegations in the complaint affirmatively show that the claim is time-barred." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (internal quotation omitted). "[T]he burden is on the defendant to show that the statute of limitations has run." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir.2013) (citations omitted).

Because Matsey did not file a response to Hill's motion to dismiss, Hill's motion is deemed unopposed. *See* E. D. Mich. 7.1(c)(1). The Sixth Circuit guidance for handling unopposed motions to dismiss is not clear. Some cases suggest the motion can be granted for that reason alone because Matsey has abandoned any potential arguments. *See, e.g., Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (affirming district court's grant of the defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise

oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *see also Bazinski v. JPMorgan Chase Bank, N.A.*, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) (citing cases) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned."). But the Sixth Circuit has also suggested that a district court cannot grant a motion to dismiss for failure to state a claim on the sole ground that a plaintiff has failed to respond pursuant to a local rule. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Thus, courts in this district routinely review the merits of unopposed motions to dismiss to determine whether the moving defendant has satisfied its burden under Fed. R. Civ. P. 12(b)(6). *See, e.g., Graham v. Adient US LLC*, 2025 WL 1919883, at *2 (E.D. Mich. July 11, 2025); *Kennedy v. Jackson-Davis*, 2025 WL 1699545, at *1 (E.D. Mich. June 17, 2025); *LaDrigue v. City of Bay City*, 2022 WL 1205000, at *7 (E.D. Mich. Apr. 22, 2022); *Tranchmontagne v. U.S. Dep't of Hous. and Urb. Dev.*, 2021 WL 2662283, at *6–7 (E.D. Mich. June 29, 2021). This Court will follow suit.

### III.  Analysis

Hill asserts that Matsey's claims against him are barred by the statute of limitations because Matsey did not name Hill as a defendant until August 20, 2024, more than two years after the incident giving rise to Matsey's claims, March 9, 2022. The Court agrees, but only as it relates to Matsey's state claims (Counts II, III, IV).

Matsey's state claims are governed by a two-year statute of limitations. M.C.L. 600.5805(3), (9).[2] Matsey's claims against Hill accrued on March 9, 2022, so he had until March 9, 2024 to bring his state claims against Hill. Although Matsey filed his original complaint ahead of that date, he named only the City and four unidentified Troy Police Officers as defendants. ECF No. 1. Matsey did not amend his complaint to add Hill and the other previously unknown individual officers until August 20, 2024—

---

[2] The period of limitations for assault and battery claims is two years under M.C.L. 600.5805(3). Although the period of limitations for intentional infliction of emotional distress ("IIED") and gross negligence is generally three years, M.C.L. 600.5805(2), see *Nelson v. Ho*, 564 N.W.2d 482, 487 (Mich. Ct. App. 1997) (IIED) and *Brent v. Wayne Cnty. Dep't of Hum. Servcs.*, 901 F.3d 656, 679 (6th Cir. 2018) (gross negligence), because Matsey's state law claims are based on alleged wrongful conduct by police officers, the two-year statute of limitations found in M.C.L. 600.5805(9) applies. *Sharpe v. City of Southfield*, 2021 WL 12166609, at *5 (E.D. Mich. Dec. 13, 2021), *adopted by* 2022 WL 414380 (E.D. Mich. Feb. 10, 2022); *Buck v. City of Highland Park*, 2017 WL 3616480, at *3 (E.D. Mich. Aug. 23, 2017).

more than five months after the two-year statute of limitations had run. ECF No. 11.

The Sixth Circuit has specifically held that adding new, previously unknown defendants in the place of "John Doe" defendants is considered a change in the parties, not a mere substitution of parties, and such an amendment does not relate back to the date of the original complaint. *Smith v. Taulton*, 587 F. Supp. 3d 607, 609–10 (E.D. Mich. 2022) (citing *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) and Fed. R. Civ. P. 15(c)). Accordingly, Matsey's state claims against Hill are barred by the applicable statute of limitations and should be dismissed.

"[Section] 1983 claims are subject to the forum state's personal-injury limitations period." *Pryor v. Ohio State Univ.*, 139 F.4th 536, 539 (6th Cir. 2025) (citing *Owens v. Okure*, 488 U.S. 235, 243–44 (1989)). Michigan's period of limitations for personal injury actions is three years. M.C.L. 600.5805(2). Thus, contrary to Hill's contention, Matsey's § 1983 claim (Count I)[3] against him is not untimely and may not be dismissed under Rule 12(b)(6).

---

[3] The Court does not read Counts V or VI of Matsey's FAC as applying to Hill. ECF No. 11. To the extent these Counts do apply to Hill, they were timely filed and are not dismissed as to him.

## IV. Conclusion

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Hill's motion to dismiss (ECF No. 27). Hill is **DISMISSED** from Counts II, III, and IV of Matsey's FAC.

Dated: September 29, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge